[S. F. No. 11993. Department One.—January 20, 1928.]

LILLIAN ELLA BLACK, Appellant, v. FRANK MORRIS BLACK, Respondent.

Herbert Choynski for Appellant.

Robert E. Fitzgerald for Respondent.

SEAWELL, J.—This appeal is taken from an order modifying a final decree of divorce by reducing the monthly allowance of $60 awarded by said decree for the support of plaintiff (appellant) and the minor children of the marriage to $30 per month.

Appellant and respondent intermarried October 17, 1901, and two sons and one daughter were the issue of the mar-

riage. On January 24, 1905, respondent's mother, in consideration of the love and affection she bore unto him, and to provide for his better maintenance and support, conveyed to him a lot situate at the northeast corner of Geary Street and Eighteenth Avenue, city and county of San Francisco, and being 120⅔ feet on Geary Street by 100 feet on Eighteenth Avenue. On January 24, 1905, in consideration of love and affection, and for her better support and maintenance, respondent conveyed said lot to his wife, appellant herein. On May 27, 1920, appellant brought an action in divorce against respondent, alleging cruelty. On October 14, 1920, the court rendered its decision in favor of the appellant, granting her a divorce, awarded her the custody of the minor sons and made an allowance of $60 per month for the support of the wife and said minor sons. This order became final October 17, 1921. Pending the divorce action an adjustment of property rights was made by the parties. On September 20, 1920, during the pendency of the action, the wife, who was the owner of the legal title of the lot in question, in consideration of love and affection, conveyed to her husband the easterly portion, 80x100 feet, of the lot formerly conveyed by his mother to him and later conveyed by him to her. The wife retained the corner lot, 40x100 feet, which was occupied by the family residence. The husband's portion of the lot was unimproved. On the same day the husband quitclaimed unto his wife said lot 40x100 feet. A mortgage in the sum of $3,200, which covered the entire lot, was assumed by the husband and the wife's lot was free of encumbrance and was valued at about $9,000. She afterward sold it and purchased property elsewhere. ▉ It was the claim of the wife, appellant, that she and her former husband entered into an oral agreement whereby the allowance of $60 per month for the support of herself and said minors was to be permanent, and it was the agreement of said parties that said monthly allowance of $60 was to be carried into the judgment and was not subject to modification or change thereafter. The judgment makes no reference to any such stipulation or agreement and upon its face is the usual decree entered in divorce actions. Such decrees are always subject to modification by the chancellor as the changed situation of the parties affected thereby may seem to re-

quire a modification or change in the original decree. The burden of showing that an agreement was entered into between the parties to the effect that the decree as entered was to be permanent, and was not subject to modification or change thereafter, granting that parol evidence may be resorted to to show the real intent of the parties as to the effect of the decree in this particular, was upon the wife, and inasmuch as the evidence was conflicting as to that issue the decision of the trial court would conclude the question.

■ We are of the opinion, from the record before us, that the trial court rendered a just and equitable decision. Beyond doubt the wife was the holder of the legal title to the property in question and the husband was the owner of a beneficial interest therein. The fact that the wife, in the settlement of their property rights in contemplation of divorce, deeded to her husband a portion of the lot originally deeded by her husband's mother to him and then by him to her is a strong circumstance against her claim that she was the owner absolute of said lot. In the settlement of their property rights the wife was permitted to retain as her own the corner lot, upon which the house stood, free of encumbrances, and the husband took the remaining unimproved portion of said lot and assumed the $3,200 mortgage which formerly covered the entire lot. At the time the decree was made the husband, who was a police officer, was receiving a monthly salary of $140. Since the decree was entered his salary and other emoluments have increased his income to $203 per month. He has since married and his family consists of himself, his wife, and a stepdaughter. At the time this proceeding was before the trial court the two sons, whose custody was given to the mother, were eighteen and twenty years, respectively. The younger was a part-time employee of the Crocker National Bank of San Francisco and was receiving a salary of $75 per month; the elder was an employee of the Standard Oil Company, receiving a salary of $100 per month, and the wife was employed by the Sanborn Map Company at a weekly salary of $16.23. Their combined salaries were greater than the husband's and father's by $36 per month. Adding the $30 allowance, which respondent is required to

contribute, makes their income $66 per month in excess of respondent's.

The evidence, considered in the light of the transactions between the parties, fully justified the court in reducing the amount of the monthly allowance from $60 to $30 per month.

The order appealed from is affirmed.

Preston, J., and Curtis, J., concurred.